IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KIMBERLY DIONNE &**<br>**KATELYNN SOUTHERN,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**ITP WESTERN EXPRESS, INC., &**<br>**HASAN ALALI,**<br><br>    **Defendants.** | **Case No. 19-2606-DDC-GEB** |

<u>**MEMORANDUM AND ORDER**</u>

   Plaintiffs Kimberly Dionne and Katelynn Southern bring this action against defendants Hasan Alali and ITP Western Express, Inc. ("ITP").  The Amended Complaint alleges state law negligence claims against defendants for injuries plaintiffs sustained in a car accident. Defendants have filed a Motion to Dismiss or Strike Amended Complaint (Doc. 11).  Plaintiffs have filed a Response (Doc. 14).  Defendants have not replied and their deadline for doing so has passed.  For reasons set forth below, the court denies defendants' Motion to Dismiss.  Also, the court denies in part defendants' Motion to Strike and grants it in part.

  **I.**  **Factual and Procedural Background**

   The following facts come from plaintiffs' Amended Complaint.  Doc. 3.  The court accepts them as true and views them in the light most favorable to plaintiffs.  *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014).

   Defendant ITP is a motor carrier.  Defendant Hasan Alali works as a driver for ITP.  On May 2, 2018, Mr. Alali was driving a commercial vehicle for ITP in Reno County, Kansas.  Mr. Alali failed to stop or yield at a stop sign, causing an accident and various injuries to plaintiffs.

Ms. Dionne was driving the other car involved in this accident.  Ms. Southern was riding as her passenger.  Plaintiffs allege negligence against the driver, Mr. Alali, and his employer, ITP.

On December 2, 2019, defendants filed a Motion to Dismiss for failure to state a claim or, alternatively, to strike various aspects of the Amended Complaint.  Doc. 11.  In defendants' memorandum supporting their motion, they assert that the Amended Complaint fails to plead enough facts to make their negligence allegations plausible.  Doc. 12.  Alternatively, defendants assert that if the court does not dismiss the Amended Complaint, it should strike certain sections under Fed. R. Civ. P. 12(f).  *Id.* at 3–4.  The motion asks the court to dismiss or strike those aspects of the Amended Complaint because they are redundant, immaterial or impertinent.  *Id.* at 3.

The court considers below whether plaintiffs sufficiently have pleaded facts and circumstances that make their allegations plausible, and thus, sufficient to survive a Rule 12(b)(6) motion.  As explained below in Part II, the court denies defendants' Motion to Dismiss and thus it must consider defendants' Motion to Strike.  Part III, below, takes up the Motion to Strike and grants it in part and denies it in part.

## II.   Motion to Dismiss

### A.  Legal Standard

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume that the factual allegations in the complaint are true. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

For a complaint to survive a motion to dismiss under Rule 12(b)(6), the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

**B.   Discussion**

**1. A Detailed Complaint Does Not Violate the Spirit of Fed. R. Civ. P. 8 or 1**

First, defendants ask the court to dismiss plaintiffs' Amended Complaint because its length and specificity violate the purpose, intent, and spirit of the Federal Rules of Civil Procedure.  Doc. 12 at 3.  Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Defendants argue that the Amended Complaint is not a short and plain statement and thus violates Rule 8.  Also, defendants assert the Amended Complaint violates Fed. R. Civ. P. 1—which requires the court and parties to construe the federal rules to secure the just, speedy, and inexpensive determination of every lawsuit.  Doc. 12 at 3.  Defendants ask the court to dismiss plaintiffs' Amended Complaint for violating these two procedural rules.  The court denies the request.

Although defendants do not cite any case authority, the Tenth Circuit has dismissed or struck complaints because they are too long.  *See McNamara v. Brauchler*, 570 F. App'x 741, 742 (10th Cir. 2014) (affirming dismissal of complaint that "contained 169 pages and covered a wide variety of unrelated subjects. . . ."); *Gometz v. United States*, 334 F. App'x 889, 891 (10th Cir. 2009) (affirming dismissal of complaint that was nearly 100 pages long and "failed to explain how each named Defendant personally participated in the asserted constitutional violations") (citation and internal quotation marks omitted); *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001) (affirming dismissal of complaint that was 150 pages long, vague, and "incomprehensible"); *The Matrix Grp., LLC v. Innerlight Holdings, Inc.*, No. 2:11-cv-00987, 2012 WL 5397118, at *3 (D. Utah Nov. 5, 2012) (granting motion to strike parts of a 64-page complaint that was redundant).

This Amended Complaint does not resemble the type of complaints the Tenth Circuit has dismissed or struck in the past.  The Amended Complaint is just 25 pages, it is not redundant, and its detail enhances defendants' notice of the claims and underlying factual allegations.  In short, it is consistent with the purpose of Rule 8.  By providing these details, plaintiffs likely have done more than Rule 8 requests.  But that conclusion doesn't mean that the Amended Complaint violates the rule.  Indeed, plaintiffs' detailed pleadings likely advanced the goal of Fed. R. Civ. P. 1 by helping defendants deduce the nature of the action against them.  The court is not impressed with defendants' Motion to Dismiss and denies it because the Amended Complaint doesn't violate Rule 8 or 1.

### 2. Plaintiffs' Amended Complaint Provides Sufficient Facts to Survive a Motion to Dismiss

Defendants next argument contends that the Amended Complaint provides too little information.  Multiple sections of their motion argue that plaintiffs have failed to allege facts supporting the elements of a negligent hiring, training, supervision, or retention claim.  The Kansas Supreme Court recently clarified the law governing negligent hiring, training, and supervision.  *Reardon ex rel. Estate of Parsons v. King*, 452 P.3d 849 (Kan. 2019).  *Reardon* explained that an employer owes a third party only one duty—reasonable care:

> While an employer's practices when hiring, training, and supervising its employees may be evidence of a breach of an employer's duty of reasonable care to third parties, they are not separate causes of action.  Here, [the employer] only owed [the third party] one duty—the duty to exercise reasonable care under the circumstances to prevent [the third party] . . . from being harmed by its employees . . . .  To the extent our prior caselaw contributed to this confusion by using terms like "negligent supervision" or "negligent training," we make the conscientious decision today to move away from such characterizations of the anatomy of a negligence claim in Kansas.

*Id.* at 857.

Given this governing legal principle, plaintiffs need not plead separate facts to support negligent hiring, training, supervision, or retention theories.  At this stage, to state a viable claim, plaintiffs need only plead enough facts to make plausible that ITP had a duty of reasonable care to plaintiffs and that defendants breached that duty, causing damages to plaintiffs.  Some of the facts alleged in the Amended Complaint to support this negligence claim are:  (1) Mr. Alali was "hired, qualified, supervised and trained" by ITP (Doc. 3 at 3 (Am. Compl. ¶ 12)); (2) ITP failed to provide safe and adequate services (*id.* at 3, 19 (Am. Compl. ¶¶ 19, 68)); (3) ITP failed to comply with certain federal safety regulations when hiring, training and supervising its drivers (*id.* at 13–14 (Am. Compl. ¶¶ 62, 66)); (4) ITP and Mr. Alali violated the maximum hours-of-service limitations imposed by certain federal regulations (*id.* at 19 (Am. Compl. ¶ 66(Y))); (5) ITP failed to investigate Mr. Alali's background and previous accident history (*id.* at 20 (Am. Compl. ¶ 69)); (6) ITP failed to exercise reasonable care in the hiring, selecting, training, monitoring, supervising and retention of their employees and agents, and knew or reasonably should have known that it was hiring unsafe and incompetent employees (*id.* at 20–21 (Am. Compl. ¶ 72)); and (7) ITP's hiring, training, monitoring, supervision, and retention of unsafe and incompetent managers, employees, agents, and independent contractors proximately caused plaintiffs' injuries (*id.* at 21 (Am. Compl. ¶ 73)).  These factual allegations suffice to state a plausible negligence claim.

Defendants also argue that the court should ignore statements in the Amended Complaint beginning with "upon information and belief."  Doc. 12 at 5–6.  Specifically, defendants contest paragraphs 62, 65, 66, 66(Y), 66(Z), 68, 69, 70, 71, 72, 80, 81, and 83 as consisting "primarily of labels, conclusions, [or] formulaic recitations of the elements of a cause of action."  *Id.* at 6.

Our court has held that pleading "upon information and belief" is acceptable as long as the complaint contains the factual basis for the belief. *See Moore v. Kobach*, 359 F. Supp. 3d 1029, 1039–41 (D. Kan. 2019) (rejecting request to exclude allegations made "upon information and belief" at the motion to dismiss stage). "The Tenth Circuit has held in various contexts that allegations, even allegations of fraud, may be made on information and belief so long as the complaint sets forth the factual basis of the belief." *Jackson-Cobb v. Sprint United Mgmt.*, 173 F. Supp. 3d 1139, 1149 (D. Colo. 2016) (citing *Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992)).

Here, the Amended Complaint sets forth the factual basis for their beliefs by summarizing ITP's Company Safety Profile. Doc. 3 at 5–13 (Am. Compl. ¶¶ 22–61). So, defendants' "information and belief" argument is unpersuasive. The court denies defendants' Motion to Dismiss for failing to plead sufficient facts to state a claim.

### 3. Plaintiffs Use Federal Motor Carrier Safety Regulations to Establish a Standard of Care

Count II of the Amended Complaint references the Federal Motor Carrier Safety Regulations ("FMCSR"). Defendants argue that plaintiffs cannot sue because defendants violated the FMCSR. Doc. 12 at 7–8. Plaintiffs respond that they aren't bringing a private cause of action under this statute. Doc. 14 at 23. Instead, plaintiffs explain they are relying on the FMCSR to establish the minimum standard of care. *Id.* Kansas negligence law permits plaintiffs to use industry standard safety regulations to demonstrate the degree of care owed by defendant. *See Chavez-Matchie v. Jack Cooper Transp. Co.*, No. 16-2832-JAR-GEB, 2017 WL 2378334, at *4 (D. Kan. June 1, 2017) ("Where a safety regulation provides a minimum standard of care, it is admissible." (citing *Pullen v. West*, 92 P.3d 584, 600 (Kan. 2004)). The court thus concludes

that plaintiffs' references to the FMCSR properly allege the standard of care they claim in their

negligence claims.

### 4. Defendant Applies an Incorrect Standard to Plaintiffs' Burden for Claiming Punitive Damages at this Stage

Last, the Amended Complaint seeks to recover punitive damages.  Doc 3 at 23 (Am.

Compl. ¶ 84).  "Punitive damages are awarded to punish the wrongdoer for 'malicious,

vindictive, or willful and wanton invasion of another's rights . . . .'"  *Adamson v. Bicknell*, 287

P.3d 274, 280 (Kan. 2012) (quoting *Cerretti v. Flint Hills Rural Elec. Coop. Ass'n*, 837 P.2d

330, 336 (Kan. 1992)).  Defendants argue that the court should dismiss plaintiffs' punitive

damages claim because the Amended Complaint pleads no facts from which one reasonably can

infer wanton conduct.  Doc. 12 at 11.  Defendants argument applies a standard of clear and

convincing evidence to plaintiffs' claim.  *Id.* at 10–11.  But an evidentiary standard is not the

appropriate standard to apply at the motion to dismiss stage.  Instead, the Rule 12(b)(6) test

simply asks whether the complaint pleads facts that make the allegation plausible on its face.

*Iqbal*, 556 U.S. at 679.

The Amended Complaint here meets that standard.  It alleges that ITP failed to monitor the

safety records of their drivers, that ITP has a history of an unusually high number of safety

violations, and that ITP did not have a system to prevent future accidents.  Doc. 3 at 22–23 (Am.

Compl. ¶¶ 79–82).  Assuming that these allegations are true—as the court must at this stage of

the proceeding—it is plausible to infer that ITP acted with wanton disregard for the safety of

their drivers and others on the road.  The allegations need not rise to the level of clear and

convincing evidence at this stage to allege a claim for punitive damages.  The court denies

defendants' motion to dismiss plaintiffs' punitive damage claim.

### III.    Motion to Strike

Concluding that plaintiffs' claims have survived defendants' Rule 12(b)(6) challenge, the court next considers defendants Motion to Strike several parts of the Amended Complaint under Rule 12(f).  Specifically, defendants move to strike Exhibit A, paragraphs 22–84, and counts V and VI of the Amended Complaint.

#### A.  Legal Standard

The Federal Rules of Civil Procedure provide that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  If an allegation has "no possible relation to the controversy and may cause prejudice to one of the parties," the court may strike it.  *FDIC v. Niver*, 685 F. Supp. 766, 768 (D. Kan. 1987) (citation omitted).  But, Rule 12(f) motions are considered drastic remedies and generally are disfavored.  *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).  "If plaintiffs plead evidentiary facts that aid in giving a full understanding of the complaint as a whole, they need not be stricken."  *Miller v. Pfizer, Inc.*, No. Civ.A. 99-2326-KHV, 1999 WL 1063046, at *3 (D. Kan. Nov. 10, 1999) (citing *Nwakpuda*, 14 F. Supp. 2d at 1215–16).

#### B.  Discussion

##### 1. Exhibit A

Defendants assert that the court should strike Exhibit A to the Amended Complaint as immaterial because it is not the type of exhibit envisioned by Fed. R. Civ. P. 10(c).  Doc. 12 at 6–7.  Exhibit A is a 49-page document containing ITP's "Company Safety Profile."  Doc. 3-1.  According to the Amended Complaint, the Company Safety Profile is part of a system created by the Department of Transportation and the Federal Motor Carrier Safety Administration

("FMCSA") to evaluate compliance with various federal safety regulations.  Doc. 3 at 4 (Am. Compl. ¶ 21).

Under Fed. R. Civ. P. 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Parties may attach exhibits to pleadings if they are "written instruments" that "'consist largely of documentary evidence, specifically contracts, notes, and other writings on which a party's action or defense is based.'"  *Nkemakolam v. St. John's Military Sch.,* 876 F. Supp. 2d 1240, 1247 (D. Kan. 2012) (quoting *Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989)).

Our court has addressed this precise issue.  When considering an exhibit that also included a Company Safety Profile from the FMCSA website along with photographs, Judge Robinson struck the exhibit from the pleading because it wasn't a written instrument on which the plaintiff's negligence action was based.  *Chavez-Matchie*, 2017 WL 2378334, at *5.  Judge Robinson explained:  "Although the company profile may be evidence upon which certain factual allegations in the Complaint are based, it is not within the category of documents contemplated by Rule 10 as appropriately incorporated into pleadings."  *Id.*

For the same reasons here, Exhibit A to the Amended Complaint is not the type of written instrument Fed. R. Civ. P. 10(c) contemplates.  The exhibit supports the Amended Complaint's allegations, but it is not a written instrument on which plaintiffs' base their negligence action. Negligence actions are based on a breach of duty; Exhibit A's report serves someday as evidence of that breach.  But it does not represent the breach itself.  Also, "[t]he purpose of the complaint is not to prove a plaintiff's case, but to state a clear, plausible claim for relief which places defendant on notice."  *Rowan v. Sunflower Elec. Power Corp.*, No. 15-cv-9227-JWL-TJJ, 2015 WL 8024320, at *2 (D. Kan. Dec. 4, 2015).  The Amended Complaint pleads the information

10

contained in Exhibit A, and thus provides plaintiffs' plausible claim for relief.  Doc. 3 at 5–13

(Am. Compl. ¶¶ 22–61).  But, including Exhibit A does not add to the substance of the Amended

Complaint.  Instead, it seeks to prove the allegations in the Amended Complaint.  This exceeds

the purpose of the Amended Complaint.  The court grants the defendants' motion to strike

Exhibit A from the Amended Complaint.

### 2. Paragraphs 22–84

Next, defendants assert that the court should strike paragraphs 22 through 84 of the

Amended Complaint because they are redundant and conclusory.  Doc. 12 at 7.  Paragraphs 22

through 61 of the Amended Complaint summarize ITP's "Company Safety Profile" for each

month between May 2016 and July 2019—in large measure, these allegations summarize the

information in Exhibit A.

Because the court has decided to strike Exhibit A from the Amended Complaint,

paragraphs 22 through 61 are not redundant.  Nor are paragraphs 22 through 61 conclusory;

instead they allege facts from the safety report designed to demonstrate that defendant ITP

breached a duty.  Plaintiffs properly can plead evidentiary facts that help provide a full

understanding of the Amended Complaint as a whole.  *See Miller*, 1999 WL 1063046, at *3

(explaining that a court need not strike evidentiary facts).

Paragraphs 62 through 84 also allege facts supporting plaintiffs' negligence claims.  They

are not conclusory.  Defendants' Motion to Strike paragraphs 22 through 84 is denied.

### 3. Plaintiffs May Plead Their Damages Separately

Finally, defendants move to strike Counts V and VI, arguing they are redundant,

immaterial, and impertinent.[1]  Doc. 12 at 11.  Count V of the Amended Complaint describes the

---

[1]      The Amended Complaint uses the term "count" as a general heading, *e.g.*, "Count 1 - General
Allegations of Facts."  Typically, a count is a "statement of a distinct claim."  *Count*, *Black's Law*

injuries alleged by Ms. Dionne and Count VI describes the injuries alleged by Ms. Southern. Doc. 3 at 23–25 (Am. Compl. ¶¶ 85–88).  Defendants never identify which items in these long lists of injuries defendants claim are redundant, immaterial or impertinent.  Also, defendants cite no legal authority that prevents plaintiffs from pleading their injuries separately.  The court denies defendants' motion to strike Counts V and VI of the Amended Complaint.

## IV.    Conclusion

For the reasons explained above, the court denies defendants' Motion to Dismiss the Amended Complaint.  The court grants defendants' Motion to Strike, however, in part.  The court strikes Exhibit A from the Amended Complaint.  The court denies the Motion to Strike in all other respects.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Dismiss or Strike Amended Complaint (Doc. 11) is granted in part and denied in part as set forth in this Order.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court shall strike Exhibit A to plaintiffs' Amended Complaint (Doc. 3-1).

**IT IS SO ORDERED.**

---

*Dictionary* (11th ed. 2019).  Fed. R. Civ. P. 10(b) governs the form of pleadings.  It provides that "a party must state its claims or defenses in numbered paragraphs" and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."  But the Rule doesn't address the situation presented here, *i.e.*, "count" used as a heading for allegations that are not claims.  Generally, the district court has discretion under Fed. R. Civ. P. 10(b) whether the form of the pleading is adequate.  5A Arthur R. Miller, Mary Kay Kane, & A. Benjamin Spencer, *Federal Practice and Procedure* § 1324 (4th ed. Supp. Apr. 2020).  And while Counts V and VI don't emulate conventional pleading practice, they don't violate the Federal Rules of Civil Procedure.

Dated this 29th day of July, 2020, at Kansas City, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge